Mr. Justice McWilliams
dissenting:
I dissent, as in my view the majority of this court have so construed C.R.S. 1963, 75-2 as to undermine what is to me a rather broad authority vested in the Secretary of State to regulate and control the manufacture and sale of malt, vinous and spirituous liquors within the state.
*581 All sections in C.R.S. 1963, 75-2 must of course be read and considered together, as a whole. C.R.S. 1963, 75-2-6 provides, in part, as follows:
“The Secretary of State shall he the executive in-charge of the enforcement of the terms and provisions of this article, and as the state licensing authority his duties shall be as follows: to grant or refuse licenses for the manufacture and sale of malt, vinous and spirituous liquors, as provided by law.....” (Emphasis supplied.)
One of the many “terms and provisions” contained in the article with which we are here concerned is to be found in C.R.S. 1963, 75-2-10, which provides, in part, as follows:
“it shall be unlawful for the county authorities of any county .... to issue .... any license to sell any malt, vinous or spirituous liquor .... until not less than ten days notice of the time and place of the hearing on such application has been made, either by posting a sign in a conspicuous place on the premises sought to be licensed, or by publication . . . .”
Recapitulating, then, C.R.S. 1963, 75-2-6 declares that the Secretary of State shall enforce the terms and provisions found in article 2, Chapter 75, C.R.S. 1963, and to me this legislative command means that he shall enforce— not some — but all the terms and provisions in the article.
One such “term and provision” is the legislative injunction that a local licensing authority shall not issue a license unless there shall be at least ten days notice of the time and place of the hearing on such application, such notice to be “by posting a sign in a conspicuous place.”
All of which means to me, at least, that the Secretary of State should and indeed is bound to enforce the “term and provision” relating to the necessity for adequate notice as to the time and place where the local licensing authority intends to hold a hearing on an application *582 for a liquor license. To hold otherwise, as the majority of this court have now decreed, means that the Secretary of State will simply not be enforcing all the terms and provisions of the particular article here under consideration. Hence, in my view the Secretary of State does have the inescapable statutory duty to see that all the terms and provisions in C.R.S. 1963, 75-2 are being complied with, as he is specifically charged with the duty to see that such are enforced.
Plaintiff in error’s further contention that the Secretary of State abused his discretion in holding that the notice in the instant case was defective and did not comply with the applicable statute is in my view untenable. As I read the record, the applicant admittedly placed his notice on the inside back wall of a vacant store building where he proposed to conduct his business. In other words, the applicant did not post his notice on the plate glass window located in the front of the premises, but chose to put it on the inside back wall! Under such circumstances the finding by the Secretary of State that such notice does not comply with the statutory mandate that it be posted in a “conspicuous place on the premises sought to be licensed” is indeed quite proper, and most certainly does not constitute an abuse of discretion. I would therefore affirm the judgment of the trial court.